1    WO

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

9    Roger Dale Casey,                     )    CIV 11-00155-PHX-NVW (MHB)
                                           )
10              Petitioner,                )    **REPORT AND RECOMMENDATION**
                                           )
11   vs.                                   )
                                           )
12   Charles L. Ryan, et al.,              )
                                           )
13              Respondents.               )
                                           )
14   _____  )

15   TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

16           Petitioner Roger Dale Casey, who is confined in the Arizona State Prison in Florence,

17   Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

18   (Doc. 1.) Respondents filed an Answer (Doc. 14), and Petitioner filed a Reply (Doc. 15).

19                             **BACKGROUND**

20           On September 17, 1976, Petitioner was charged by information in the Maricopa

21   County Superior Court with one count of escape from a community correctional center in CR

22   94403; one count of burglary in the second degree while armed with a gun or deadly weapon,

23   one count of assault with intent to commit rape in CR 94424; one count of rape, one count

24   of lewd and lascivious acts, and one count of crime against nature in CR 94425; and one

25   count of theft of a motor vehicle in CR 94426. (Doc. 14, Exhs. A, D.) Following jury trials,

26   Petitioner was convicted as charged in all four cases. (Doc. 14, Exhs. B, C, D.)

27           On May 11, 1977, the state court sentenced Petitioner to 4.5 to 5 years' imprisonment

28   in CR 94403; 25 years to life on both counts in CR 94424 to run concurrently to each other

but consecutively to the sentence in CR 94403; 25 years to life, 9 to 10 years, and 18 to 20 years in CR 94425 to run concurrently to each other but consecutively to the sentences in CR 94424; and 9 to 10 years in CR 94426 to run consecutively to the sentences in the other cause numbers. (Doc. 14, Exh. D.)

Petitioner filed a timely notice of appeal from the convictions and sentences in all four cases on May 12, 1977. (Doc. 14, Exhs. E, F.) Petitioner, however, moved to dismiss his appeal, and the Arizona Supreme Court granted his motion on September 6, 1977. (Doc. 14, Exh. G.)

More than 15 years later, on October 8, 1992, Petitioner filed a notice of post-conviction relief in cause numbers CR 94425 and 94426.[1] (Doc. 14, Exhs. H, I.) On March 15, 1993, Petitioner filed his petition for post-conviction relief arguing that he received ineffective assistance from his trial counsel in violation of the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Arizona Constitution because trial counsel failed to object to the alleged misconduct of the prosecutor during closing argument. (Doc. 14, Exh. I.) On May 26, 1993, the state court issued a minute entry dismissing Petitioner's petition. (Doc. 14, Exh. M.) The state court found that Petitioner's claims of prosecutorial misconduct and ineffective of assistance of counsel were precluded because they could have been addressed had Petitioner not voluntarily dismissed his direct appeal. (Doc. 14, Exh. M.) The state court further determined that, even if Petitioner's claims were not precluded, he had failed to present a material question of law or fact that would entitle him to relief. (Doc. 14, Exh. M.)

On July 8, 1993, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 14, Exh. N.) In his petition, he argued that the state court incorrectly found that: (1) preclusion prohibited litigation of his "impermissible comment" issue in post-conviction relief proceedings by virtue of his voluntary dismissal of his appeal; and (2) the comments

---

[1] While there appears to be a subsequent notice of post-conviction relief in cause number CR 94424, (Doc. 14, Exh. J), there is no indication in the record that Petitioner pursued this matter.

made by the prosecutor during closing argument were not comments directing the jury's attention to Petitioner's failure to testify at trial. (Doc. 14, Exh. N.) On March 8, 1994, the Arizona Court of Appeals issued a memorandum decision affirming the state court's findings. (Doc. 14, Exh. O.) In so doing, the court found that Petitioner had waived his prosecutorial misconduct claim when he failed to raise it on direct appeal. (Doc. 14, Exh. O.) The court, however, disagreed that Petitioner had waived his ineffective assistance of counsel claim and instead concluded that he had failed to present a material question of fact or law that would entitled him to relief in post-conviction proceedings. (Doc. 14, Exh. O.)

Petitioner filed a petition for review in the Arizona Supreme Court raising the same issues. (Doc. 14, Exh. P.) The Arizona Supreme Court issued an order denying review on November 1, 1994. (Doc. 14, Exh. P.)

Almost 14 years later, on July 22, 2008, Petitioner filed a second petition for post-conviction relief in cause numbers CR 94403, 94424, 94425, and 94426.[2] (Doc. 14, Exh. Q.) In his second petition for post-conviction relief, Petitioner argued that: (1) the state court failed to consider any mitigating facts and, as a result, his sentences were cruel and unusual in violation of the Eighth Amendment of the United States Constitution; and (2) given the substantial changes in Arizona's sentencing law over the past 30 years, Petitioner today would not receive such a harsh and excessive sentence. (Doc. 14, Exh. Q.) The state court denied the successive petition on February 19, 2009, finding that such relief was precluded pursuant to Rule 32.2(a)(1) because issues relating to Petitioner's allegedly unjust and excessive sentences were issues that could have been raised on direct appeal. (Doc. 14, Exh. R.)

On March 19, 2009, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 14, Exh. S.) In his petition, he argued that the state court incorrectly found his sentencing claims precluded. (Doc. 14, Exh. S.) He reasoned that he could not have

---

[2] Although Petitioner's pleading was entitled "Writ of Habeus [sic] Corpus," the state court construed the pleading as a successive petition for post-conviction relief. (Doc. 14, Exhs. Q, R.)

raised his claims until the sentencing laws were changed. (Doc. 14, Exh. S.) He further reasoned that his Eighth Amendment cruel and unusual punishment claim could be raised at any time as long as the violation of his constitutional right was ongoing. (Doc. 14, Exh. S.) The Court of Appeals summarily denied review of the petition on April 13, 2010. (Doc. 14, Exh. T.)

Thereafter, Petitioner filed a petition for review in the Arizona Supreme Court raising the same issues. (Doc. 14, Exh. U.) The Arizona Supreme Court issued an order summarily denying review on September 30, 2010. (Doc. 14, Exh. U.)

On January 24, 2011, Petitioner filed the instant habeas petition alleging the following grounds for relief: (1) excessive sentence in violation of the Eighth Amendment; and (2) "substantial changes in Arizona sentencing laws" have rendered Petitioner's sentence excessive. (Doc. 1.) Respondents filed an Answer (Doc. 14), and Petitioner filed a Reply (Doc. 15).

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely. In the alternative, Respondents assert that Petitioner claims are procedurally defaulted. Respondents request that the habeas petition be denied and dismissed with prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all federal petitions filed after the AEDPA's effective date, April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 336-37 (1997). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). State prisoners whose convictions became final before the effective date of the AEDPA are entitled to a one-year grace period, beginning on April 25, 1996, one day after the AEDPA's enactment, in which to file their petitions. See Patterson v. Stewart,

251 F.3d 1243, 1246 (9th Cir. 2001). The grace period expires on the anniversary of the AEDPA's enactment, April 24, 1997. See id.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921. A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055-56 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048. Moreover, filing a new petition for post-conviction relief does not reinstate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is also subject to equitable tolling in appropriate cases. See Holland v. Florida, --- U.S. ----, ----, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court's review of Petitioner's post-conviction relief proceedings reveals that Petitioner's Amended Petition for Writ of Habeas Corpus is untimely. Petitioner filed a notice of appeal from his convictions and sentences. (Doc. 14, Exhs. E, F.) Petitioner,

however, moved to dismiss his appeal, rendering his judgment of conviction and sentence final on September 6, 1977 – the date the Arizona Supreme Court granted his motion. (Doc. 14, Exh. G.) Because Petitioner's conviction became final before April 24, 1996, the effective date of the AEDPA, the statute of limitations for Petitioner to file his federal habeas petition began to run on April 25, 1996, and expired on April 24, 1997.[3] See Patterson, 251 F.3d at 1256. Therefore, absent any tolling, Petitioner was required to file the instant habeas petition on or before April 24, 1997. See 28 U.S.C. § 2244(d)(1)(A); Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002); Patterson, 251 F.3d at 1245-46.

Petitioner's commencement of his first post-conviction relief proceeding did not toll the limitations period as it concluded on January 30, 1995 – 90 days after the Arizona Supreme Court denied review – more than a year before the one-year period under the AEDPA commenced. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (ruling that the period of "direct review" under § 2244(d)(1)(A) includes 90-day period during which defendant can file petition for writ of certiorari from United States Supreme Court). Likewise, Petitioner's commencement of a second post-conviction relief proceeding on July 22, 2008, did not toll the limitations period. Since the second petition for post-conviction relief was filed after the AEDPA statute of limitations ended, it could not restart the expired one-year limitations period. See Ferguson, 321 F.3d at 823 ("Like the Eleventh Circuit, we hold that section 2244(d) does not permit the reinitiation of the [federal one-year] limitations period that has ended before the state petition was filed."). In sum, Petitioner filed the instant habeas petition on January 24, 2011 – 13 years and 9 months after the one-year limitations period expired on April 24, 1997. The Petition is therefore untimely and should be dismissed with prejudice, absent any equitable tolling.

_____

[3] Assuming Petitioner could have filed a petition for review from the dismissal of his direct appeal by the supreme court, his judgment of conviction and sentence would still have become final on October 6, 1977 – well before the effective date of AEDPA. See Ariz.R.Crim.P. (establishing 30-day time limit from the filing of a decision for filing petition for review in Arizona Supreme Court).

As previously indicated, the AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. See Holland, 130 S.Ct. at 2560. In Holland, the Court reiterated its position "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than ... merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation omitted).

Petitioner suggests that his untimeliness should be excused because significant changes in the sentencing law have occurred that render his sentences cruel and unusual. Moreover, Petitioner suggests that as long as he is serving a cruel and unusual sentence, he should be able to challenge that sentence under the Eighth Amendment. Petitioner, however, does not identify what sentencing laws have changed, whether they apply to his case, and if applicable, how they render his sentences cruel and unusual. Petitioner, thus, has not suggested any extraordinary circumstance that would justify equitable tolling, let alone demonstrated that an external impediment stymied the diligent pursuit of his rights. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is therefore untimely.

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of August, 2011.


Michelle H. Burns
United States Magistrate Judge

- 8 -